## LIVELY *et al. v.* HUNTER.

On the hearing of a motion to dissolve and vacate a temporary injunction, the court is without jurisdiction to enter a final decree disposing of the main case on its merits.

Argued December 5,—Decided December 21, 1905.

Equitable petition. Before Judge Russell. Gwinnett superior court. June 3, 1905.

A petition for injunction was filed by F. J. Hunter, as executor under the will of Mrs. M. V. Medlock and as next friend of her minor children, to prevent C. P. and H. M. Lively from erecting a warehouse, to be used for the storage of fertilizers, within close proximity to certain dwellings belonging to the estate represented by the plaintiff. A restraining order was granted by the judge of the superior court, and October 15, 1904, was fixed as the date for the interlocutory hearing. On that day an order was passed postponing the hearing, at the request of the parties, till November 2, that they might be afforded an opportunity to settle the controversy. On October 27, they signed articles wherein they agreed to submit to certain named arbitrators the question whether the "health or property of said plffs." would be injured or damaged by the use of the warehouse contemplated by the defendants, the parties also stipulating that the award of the arbitrators, if favorable to the plaintiff, should be returned to and made the judgment of the superior court. On December 28, the arbitrators, after formal hearing of the matter at issue, found in favor of the plaintiff and made their return to the superior court, and the judge passed an order directing that

the submission and award be entered on the minutes. This order was passed at the March term, 1905, of that court, which was the appearance term of the proceeding for injunction. On March 6, C. P. and H. M. Lively filed a demurrer and an answer to the plaintiff's petition. At that term they also filed exceptions to the award of the arbitrators, to which exceptions the plaintiff interposed a demurrer. The hearing thereon was passed till the next term of the court, owing to the sickness of his counsel. On March 23, the defendants presented to the judge a written motion to dissolve the restraining order previously granted, and asked that he fix a day for a hearing on this motion. On the 27th of that month, the judge passed an order, at chambers, calling upon the plaintiff to show cause before him, on April 29, why the restraining order should not be vacated and dissolved, upon the motion of the defendants. On April 24, another order was passed, reciting that it was impossible to hear the motion at the time appointed, and directing that the hearing thereon take place on June 3, 1905. The parties appeared on the date last named, and the judge then undertook to deal, not only with the motion to dissolve the restraining order, but also with the issues raised by the demurrer and answer to the petition for injunction and by the exceptions filed by the defendants to the award of the arbitrators, as well as by the demurrer to these exceptions which had been interposed by the plaintiff. After considering all the questions thus presented, the judge passed an order reciting that the demurrer to the exceptions taken to the award of the arbitrators was sustained and the exceptions were stricken; that the award of the arbitrators was made the judgment of the court; and that the defendants were "perpetually enjoined from using the house in question for the storage of guano." The defendants excepted to this judgment.

D. K. Johnston, for plaintiffs in error.    T. M. Peeples, contra.

EVANS, J. (After stating the facts.) The judgment complained of was rendered at the hearing fixed on motion of the defendants to dissolve an interlocutory injunction. The only question before the court on that hearing was the propriety of dissolving or vacating the restraining order in the main case, which was still pending. The main case was not before the court on its merits, and the court was without jurisdiction to enter a final decree disposing of it.

*Judgment reversed. All the Justices concur.*